**UNITED STATES of America,**
**Plaintiff,**

v.

**Anibal and Janet SILVA, Defendants.**

**No. A–05–CA–710–LY.**

United States District Court,
W.D. Texas,
Austin Division.

Feb. 5, 2007.

Allen W. Levy, U.S. Department of Justice, Joseph Gaeta, U.S. Department of Justice, Housing & Civil Enforcement Section, Washington, DC, Joseph C. Rodriguez, Assistant United States Attorney, San Antonio, TX, Nicole Porter, U.S. Department of Justice, Housing & Civil Enforcement Section, Washington, DC, for United States, Plaintiff.

Anibal Silva, El Cajon, CA, Pro se.

Janet Silva, Pro se.

## ORDER

YEAKEL, District Judge.

 Before the Court in the above styled and numbered cause of action is Plaintiff United States' Emergency Motion For Order Declaring 11 U.S.C. § 362 Does Not Apply To This Case and Memorandum Of Law In Support filed February 2, 2007 (Clerk's Document No. 139). After reviewing the motion, the file, and the applicable law, the Court is of the opinion that the motion should be granted because this cause is an action by a governmental unit to enforce a governmental unit's regulatory power, which is not subject to the automatic stay provisions of the United States Bankruptcy Code (the "Code"). See 11 U.S.C. § 362(b)(4).[1]

The United States, by the Office of the Attorney General, Civil Rights Division, Civil Enforcement Section, filed this cause of action on September 5, 2005, against Anibal and Janet Silva alleging that they violated the federal Fair Housing Act ("FHA")[2] by engaging in a pattern or practice of housing discrimination regarding Virginia Jaimes, Porfirio Alcantara, Celestino Medrano, and Martha Elena Puerto on the basis of national origin, for which the United States seeks damages, injunctive relief, and civil penalties (Clerk's Document No. 1). The United States alleges that in accordance with the FHA, the Secretary of Housing and Urban Development ("HUD") conducted an investigation of Jaimes's, Alcantara's, Medrano's, and Puerto's complaints, attempted conciliation without success, and prepared a final investigation report. See 42 U.S.C. § 3610(a),(b). Based on the information gathered during the investigation, the Secretary determined that reasonable cause exists to believe that the Silvas had engaged in illegal discriminatory housing practices. See 42 U.S.C. § 3610(g). On July 12, 2005, the Secretary issued a Determination Of Reasonable Cause and Charge of Discrimination, which charged the Silvas with discrimination on the basis of national origin in violation of the FHA. See 42 U.S.C. §§ 3604(a),(b), 3605, 3610(g) & 3617. On August 5, 2005, the Silvas elected to have the claims asserted in HUD's Charge of Discrimination resolved in a federal civil action. See 42 U.S.C. § 3612(a). On August 8, 2005, the Chief Administrative Law Judge issued a Notice of Election and terminated the administrative proceeding on the HUD complaints filed by Jaimes, Alcantara, Medrano, and Puerto. Following the notice of election, the Secretary authorized the Attorney General to commence this civil action. See 42 U.S.C. § 3612(o). Additionally, by its Complaint, the United States alleges that the Silvas' intentional, willful actions as described in the Complaint, which were taken in disregard for the rights of others, constitute a pattern or practice of resistance to the full enjoyment of rights granted by the FHA and denied to a group of persons rights granted by the FHA, which raises an issue of general public importance. See 42 U.S.C. § 3614(a). The United States asks this Court to: (1) declare that the Silvas' conduct violates the FHA; (2) enjoin them, their agents, employees, successors, and all other persons in active concert or participation with them, from discriminating

---

1. The filing of a voluntary petition under Chapter 7 of the United States Bankruptcy Code does not operate as an automatic stay in the continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power. 11 U.S.C. § 362(b)(4).

2. See 42 U.S.C. §§ 3601–3619, 3631.

on the basis of national origin in violation of the FHA; (3) award monetary damages to Jaimes, Alcantara, Medrano, Puerto and to all other persons harmed by the Silvas' discriminatory practices;[3] and (4) assess a civil penalty against the Silvas in an amount authorized by the FHA to vindicate the public interest.[4]

Mr. Silva, *pro se*, filed an answer, by which he asserts affirmative defenses, on November 4, 2005, (Clerk's Document No. 4) and he continues to proceed *pro se* in this cause of action. On March 17, 2006, this Court signed a Scheduling Order, which set discovery to close on October 31, 2006, a Final Pretrial Conference on February 23, 2007, and set the cause for jury trial in the month of March 2007.

On January 30, 2007, by faxed letters dated the same, Mr. Silva notified this Court and counsel for the United States that on January 26, 2007, he filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the Southern District of California, San Diego Division, Cause Number 07–00324 (Clerk's Document No. 136).[5] By his letter, he contends that the automatic-stay provision of the United States Bankruptcy Code applies, that this cause is automatically stayed, and this Court is thereby prevented from proceeding further in this cause. *See* 11 U.S.C. § 362(a) ("Section 362(a)"). By its motion the United States contends that Mr. Silva's bankruptcy-petition filing does not automatically stay this cause because, due to the nature of the action, which is an action commenced by a governmental unit to enforce its regulatory power and remedy allegations of past discrimination, this cause

is within an exception to the automatic-stay provision of the Code. *See* 11 U.S.C. § 362(b)(4).

▮▮▮ Initially, the Court notes that it has jurisdiction to determine whether the Code's automatic-stay provision applies in this cause. *See Hunt v. Bankers Trust Co.,* 799 F.2d 1060, 1069 (5th Cir.1986). Upon filing of a voluntary petition in bankruptcy, Section 362(a) provides an automatic stay of the continuation of judicial proceedings against the debtor except for "an action or proceeding by a governmental unit to enforce such governmental unit's ... police or regulatory power." *See* 11 § 362(b)(4). In support if its position, the United States cites two cases commenced by the Equal Employment Opportunity Commission ("EEOC"), which alleged that the defendants engaged in past discriminatory actions and seek injunctive and monetary damages, and the courts determined that, despite the defendants filing bankruptcy petitions, the automatic-stay provision of the Code did not apply. *See E.E.O.C. v. McLean Trucking Co.,* 834 F.2d 398 (4th Cir.1987); *E.E.O.C. v. Hall's Motor Transit Co.,* 789 F.2d 1011 (3rd Cir.1986). This Court finds these cases persuasive. Central to the court's reasoning in *McLean Trucking* was what the congressional committee meant by the language in Section 362(b)(4), which that court noted was, "where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." *McLean Trucking,*

---

**3.** *See* 42 U.S.C. §§ 3612(*o*), 3613(c)(1), 3614(d)(1)(B).

**4.** *See* 42 U.S.C. § 3614(d)(1)(C).

**5.** Mr. Silva also refers to the filing of his bankruptcy petition in his Response Opposing Motion Of Plaintiff For Entry Of Default Judgment Against Anibal Silva filed January 29, 2007 (Clerk's Document No. 135).

834 F.2d at 401 (quoting S. Rep. 989, 95th Cong.2d Sess. 52, *reprinted in,* 1978 U.S.Code Cong. & Admin. News 5787, 5838). The *McLean Trucking* court determined that: (1) because the EEOC was a governmental unit attempting to enjoin and fix damages for violations of Title VII of the Civil Rights Act of 1964, as amended, and violations of the Age Discrimination in Employment Act of 1967; and (2) the EEOC, by bringing the action, was enforcing its regulatory power; therefore, (3) the underlying action was not subject to the automatic-stay provision of the Code until the prayer for relief, including monetary relief, was reduced to judgment. *Id.* at 402; *see also Hall's Motor Transit,* 789 F.2d at 1013–14.

In the cause before this Court, the United States commenced the action against the Silvas after HUD determined there was reasonable cause to believe the Silvas had engaged in discriminatory housing practices in violation of the FHA. *See* 42 U.S.C. § 3612(*o*). The Court finds the allegations here similar to the EEOC's allegations against McLean, as both causes allege that the defendants engaged in discriminatory practices in violation of federal acts, which prohibit discrimination. This Court finds, as in *McLean Trucking,* that the cause here is an action by a governmental unit to enforce it's regulatory power, which seeks relief for alleged discriminatory practices in violation of a federal act. The Court, therefore, holds that the automatic-stay provision of the Code does not apply. *See* 11 U.S.C. § 362(b)(4). Accordingly, the Court will proceed in this cause under the terms of the Court's Scheduling Order.

**THIS COURT HOLDS** that the action before this Court is an action to enforce a governmental unit's regulatory power, which is an action excepted from and not subject to the automatic-stay provision of the United States Bankruptcy Code, Section 362(a).

**IT IS THEREFORE ORDERED** that Plaintiff United States' Emergency Motion For Order Declaring 11 U.S.C. § 362 Does Not Apply To This Case filed February 2, 2007 (Clerk's Document No. 139) is **GRANTED.**

**IT FURTHER IS ORDERED** that this Court will proceed in this cause under the terms and conditions set in the Court's March 17, 2006 Scheduling Order.